FILED
SUPERIOR COURT
OF GUAM

2021 JUL 16 PM 3: 01

CLERK OF COURT

By:_____ Sm _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTOPHER J. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>DESIRAE J.G. THOMAS,<br><br>Defendant. | Domestic Case No. DM0379-20<br><br>**DECISION AND ORDER GRANTING MOTION FOR A *PENDENTE LITE* CUSTODY ORDER** |

In this divorce action, Plaintiff Christopher J. Thomas moves the court to order joint legal and physical custody of the parties' minor child, JT. Mot. *Pendente Lite* Custody Order (Apr. 9, 2021). Finding that JT's best interests support an increased custodial period for Christopher, the Court GRANTS the Motion and ORDERS a transitional period for custody.

### I.   Factual and Procedural Background

Christopher currently has visitation with JT once a week on Sundays for a seven-hour period, with no overnight visitations. Decl. of Pl. ¶ 5 (Apr. 9, 2021). Christopher argues that since both parties reside on Guam, JT should spend equal time with both parents. *Id.* ¶ 6. Christopher proposes a week on week off custody arrangement or in the alternate, to increase his current visitation to between Fridays at 6 p.m. to Monday afternoons. *Id.* Christopher states that both parties cared for JT during their marriage and that he spent three months as sole caregiver while Defendant Desirae J.G. Thomas was away. *Id.* ¶ 2.

Desirae contends that a "week on week off" custody arrangement is not in the best interest of JT due to his age and diagnosis of nonverbal autism. Opp'n to Pl.'s Mot. *Pendente*

*Lite* Custody Order ¶ 10 (May 7, 2021). She argues that Christopher is unfit to parent JT because Christopher did not spend time with JT during the marriage. Decl. Def. ¶¶ 20, 21 (May 7, 2021). Desirae instead contends that because she and her parents have been the only caregivers for JT, he would be comfortable only around them. Decl. of Def. ¶¶ 6, 8, 25. Desirae does agree that Christopher and JT should spend more time together and that visitation should be increased to include Fridays from 10 a.m. to 5 p.m. as part of a transition. *Id.* at ¶ 30.

Christopher and Desirae disagree on several facts. Desirae argues that during her three months at basic training, JT slept with and was cared for by her parents and not Christopher. *Id.* at ¶ 24. Christopher argues that he did care for JT during the three-month period and Desirae's parents only cared for JT for three days while Christopher was away for military drill. Decl. of Pl. ¶ 8 (May. 21, 2021) ("Second Decl. of Pl."). Desirae also argues that the minor has never slept over at another house to her knowledge, but Christopher contends that JT slept over at his sister's house with no issues. *Id.* at ¶ 7; Decl. of Def. ¶ 17. The parties also disagree on JT's ability to adjust to new people and places. Desirae argues that JT has a difficult time adjusting to new places, people, and loud noises. Decl. of Def. ¶ 29. Christopher argues that JT does not have these issues as he has had JT socialize with other children in new places such as the beach. Second Decl. of Pl. ¶ 24.

II.    Law and Discussion

Decisions regarding child custody are governed by Section 8404 of Title 19 of the Guam Code Annotated. 19 G.C.A. § 8404. It is well settled that the Court must establish the custody arrangement based on the best interests of the child. *Id.* When determining what is within the child's best interests, the Court may consider a multitude of factors, including what is best for that child's moral, physical, mental, and spiritual well-being. *Id.*; *see also Howerton v.*

*Howerton*, 2004 Guam 8 ¶ 25 (providing additional factors to weigh in a custody decision, like the child's age, habits, schooling, and extracurricular activities, and the . . . parents' jobs and fitness).

In addition to the best interests of the child, the Court must also consider the legislative preference for joint custody and the legislative policy that children should spend "as much time with each of their parents as possible when the parents are not living together." 19 G.C.A. § 8404(a)(8). "Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children." *Flores v. Cruz*, 1998 Guam 30 ¶ 11. The *Lanser* court held that children are required to spend substantial time, but not necessarily equal time, with each parent in a joint physical custody arrangement. *Lanser v. Lanser*, 2003 Guam 14 ¶ 13. However, "[t]he holding of *Lanser* that equal time is not required under a joint custody plan does not affect the clear legislative policy that equal time is preferred," and equal time "should be granted to the greatest extent possible." *Howerton*, 2004 Guam 8 ¶ 19. In order to deviate, the standard is clear: "A trial court may deviate from an equal time arrangement if it is within the child's best interests." *Id.* at ¶ 20.

In *Howerton*, the Supreme Court of Guam laid out factors to use in determining the child's best interests. *Id.* ¶ 25. The factors include "the child's welfare, the parents' willingness to accept visitation, the parents' fitness, the child's schooling, the parents' jobs and the child's extra-curricular activities." *Id. Howerton* upheld the trial court's *pendente lite* custody order. *Id.* at ¶ 1. In that case the trial court ordered joint physical and legal custody of the minor but created a visitation schedule for the father instead of ordering equal time. *Id.* at ¶ 3. The Supreme Court, following its decision in *Lanser*, held that joint custody of a child does not

require both parents to have an equal amount of time with the child. *Id.* ¶ 16; *see Lanser*, 2003 Guam 14 ¶ 13 (stating "joint custody, however, does not require that each parent have equal time with the children"). Although not required, Guam law prefers granting equal time, which may be deviated from to accommodate the child's best interests. *Howerton*, 2004 Guam 8 at ¶¶ 19, 20.

Here, the child's best interests have to be determined. The first factor is based on the child's welfare. JT is a four-year-old nonverbal autistic child. Decl. of Def ¶ 10. Based on the parties' information, both parents can provide a safe environment for JT as well as provide care for his needs. *See id.* ¶ 6 (mother has been custodial parent since separation); *see also* Decl. of Pl., ¶ 7 (Christopher resides in a gated community where JT would have a private room).

The next factor is the parents' willingness to accept visitation. Both parents indicate that they would like to spend time with JT. Christopher is attempting to increase his current visitation time with JT. Desirae is the current custodial parent, and she has not indicated that she would like to relinquish the role. *See* Decl. of Def ¶ 6.

The third factor relates to the parents' fitness. Both Christopher and Desirae have experience caring for JT alone. Desirae has been the main caretaker since the parties' separation in May of 2020. *Id.* Christopher was the sole caretaker when Desirae was away for three months for basic training. Decl. of Pl., ¶ 6. In summary, both have experience and prove that they are fit to take care of JT.

Additionally, the fourth factor which concerns the child's schooling, has limited application because JT attends a once-a-week virtual class for thirty minutes. Decl. of Def. ¶ 10. Desirae attends the virtual class with JT and Christopher attempts to attend the sessions. *See Id.*; *see also* Second Decl. of Pl., ¶ 15 (Christopher contends that he is not informed when the class

time changes). Both parties are capable of taking JT to the virtual sessions. *See* Decl. of Def. ¶ 10; *See also* Decl. of Pl., ¶ 8, Apr. 9, 2021 (Christopher's work schedule does not conflict with the current class schedule).

The fifth factor is based on the parents' jobs. Currently, Christopher has a full-time job as well as being in the Army National Guard; he has weekends off minus the weekends he has drill. Decl. of Pl., ¶ 8, Apr. 9, 2021. Desirae is a student who does not have permanent employment. Decl. of Def. ¶ 11; *See* Decl. of Pl., ¶ 12, May. 21, 2021 (Christopher alures to Desirae working odd jobs). Desirae has the greater freedom to take care of JT due to her lack of employment.

The sixth and last factor revolves around the child's extra-curricular activities, but this factor does not apply to the current case as neither parent has stated any extra-curricular activities.

Based on these factors, both parents are equal in all the factors except number five. As such, Desirae has a slight advantage in comparison due to her lack of permanent employment. Under the circumstances, joint custody is thus permissible in this case or as the alternative, sole custody to Desirae. However, because of the legislative preference for joint custody, and there being no established reason to deny custody to Christopher, the Court will grant joint custody with certain parameters for a transition schedule due to JT's nonverbal autism. *See Howerton*, 2004 Guam 8 ¶ 3 (where a set schedule of two weekdays and weekend visitation for the father's visitation was set despite joint custody being granted). Both parties also advocate for a transitional visitation schedule. *See* Mot. *Pendente Lite* Custody Order and Mem. of P. & A. ¶ 6 (Christopher prays for visitation from Friday evening to Monday afternoon); *See also* Decl. of Def. ¶ 30 (offering to increase visitation to include Friday from 10 a.m. to 5 p.m.).

Accordingly, Christopher will have primary physical custody of JT from Sunday at 10 a.m. until Monday at 6 p.m.  At the upcoming Status Hearing on August 18, 2021, at 10:20 a.m., the Court will review whether an additional overnight stay will be granted.

III.    Conclusion and Order

Based on JT's best interests, Christopher's Motion for *Pendente Lite* Custody is GRANTED.  Effective immediately, the parties shall share joint legal custody.  Christopher shall have primary physical custody from Sunday at 10:00 a.m. until Monday at 6:00 p.m., and Desirae shall have primary physical custody at all other times, until further order of the Court.

SO ORDERED this 16ᵗʰ day of July 2021.

Hon. Elyze Iriarte
**Judge, Superior Court of Guam**

APPEARING ATTORNEYS:
Daron J. Berman, Esq., Berman Law Firm, for Plaintiff Christopher J. Thomas
William B. Brennan, Esq., Arriola Law Firm, for Defendant Desirae J.G. Thomas